UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN PERKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| HOUSTON WIRE & CABLE COMPANY, ) | |
| G. GARY YETMAN, JAMES L. POKLUDA ) | |
| III, ROY W. HALEY, MARGARET S. ) | |
| LAIRD, WILLIAM H. SHEFFIELD, ) | |
| SANDFORD W. ROTHE, and DAVID ) | |
| NIERENBERG, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on March 25, 2021 (the "Proposed Transaction"), pursuant to which Houston Wire & Cable Company ("Houston Wire" or the "Company") will be acquired by Omni Cable, LLC ("Parent") and OCDFH Acquisition Sub Inc. ("Merger Sub," and together with Parent, "Omni").

2. On March 24, 2021, Houston Wire's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Omni. Pursuant to the terms of the Merger Agreement, Houston Wire's stockholders will receive $5.30 in cash for each share of Houston Wire common stock they own.

3. On April 21, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Houston Wire common stock.

9. Defendant Houston Wire is a Delaware corporation and maintains its principal executive offices at 10201 North Loop East, Houston, Texas 77029. Houston Wire's common stock is traded on the NASDAQ under the ticker symbol "HWCC."

10. Defendant G. Gary Yetman is Chairman of the Board of the Company.

11. Defendant James L. Pokluda III is President, Chief Executive Officer, and a director of the Company.

12. Defendant Roy W. Haley is a director of the Company.

13. Defendant Margaret S. Laird is a director of the Company.

14. Defendant William H. Sheffield is a director of the Company.

15. Defendant Sandford W. Rote is a director of the Company.

16. Defendant David Nierenberg is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

18. Houston Wire is an industrial distributor and a large provider of wire and cable and fastener products in the United States market.

19. On March 24, 2021, Houston Wire's Board caused the Company to enter into the Merger Agreement with Omni.

20. Pursuant to the terms of the Merger Agreement, Houston Wire's stockholders will receive $5.30 in cash for each share of Houston Wire common stock they own.

21. According to the press release announcing the Proposed Transaction:

Houston Wire & Cable Company (NASDAQ: HWCC) (HWCC) and Omni Cable, LLC (OmniCable) today announced that they have entered into a definitive agreement under which OmniCable will acquire all outstanding shares of HWCC common stock for $5.30 per share in an all-cash transaction valued at $91 million. The price represents a premium of 39% to HWCC's unaffected closing price of $3.80 on March 24, 2021 and an 89% premium to the $2.81 average closing price for the preceding 12-month period. The transaction was unanimously approved by HWCC's Board of Directors. All HWCC directors and officers have agreed to vote

their shares, including shares held by The D3 Family Funds, in favor of the transaction. Such shares currently represent approximately 19% of the issued and outstanding shares as of March 24, 2021.

OmniCable is a subsidiary of Dot Holdings Co, which is owned by Dot Family Holdings, owners and operators of Dot Foods, Inc., the largest food industry redistributor in North America. . . .

Transaction Details

Under the terms of the agreement, HWCC stockholders will receive $5.30 in cash for each share of common stock they own. In addition, each stock-based equity award outstanding under the Company's stock and deferred compensation plans will be cancelled in exchange for $5.30. No consideration will be paid for stock options, all of which have exercise prices above the merger price.

The agreement includes a 30-day "go-shop" period expiring on April 24, 2021, which permits HWCC's Board of Directors and advisors to solicit alternative acquisition proposals from third parties. HWCC will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and HWCC does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or is otherwise required.

The transaction is expected to close following HWCC's Annual Meeting of Stockholders, scheduled for May 25, 2021, subject to customary closing conditions, including approval by HWCC stockholders. Upon completion of the transaction, HWCC common stock will no longer be listed on any public market. . . .

Advisors

William Blair & Company, L.L.C. and Johnson Rice & Company, L.L.C. are serving as financial advisors to HWCC, and Schiff Hardin LLP is serving as legal counsel. Lewis Rice LLP is serving as legal counsel to OmniCable.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22.   Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23.   As set forth below, the Proxy Statement omits material information.

24. First, the Proxy Statement omits material information regarding the Company's financial projections.

25. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDA, EBITDA margin, and cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion

27. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Johnson Rice & Company, L.L.C. ("Johnson Rice").

28. With respect to Johnson Rice's Selected Transactions Analysis, the Proxy Statement fails to disclose: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

29. With respect to Johnson Rice's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 10.3%; (iii) the terminal values of the Company; and (iv) Johnson Rice's basis for using a terminal multiple range of 7.6x to 9.6x.

30. With respect to Johnson Rice's Relative Trasing Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

31. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32. Third, the Proxy Statement fails to disclose material information regarding Johnson Rice and the Company's additional financial advisor, William Blair & Company, L.L.C. ("William Blair").

33. The Proxy Statement fails to disclose the timing and nature of the past services Johnson Rice provided to the Company and its affiliates, and the amount of compensation received by Johnson Rice for providing the services.

34. The Proxy Statement fails to disclose the terms of William Blair's engagement, including: (i) the amount of compensation William Blair has received or will receive in connection with its engagement; (ii) the amount of William Blair's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether William Blair has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by William Blair for providing such services.

35. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Houston Wire

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Houston Wire is liable as the issuer of these statements.

40. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Houston Wire within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Houston Wire and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 27, 2021                                **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*